UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sherry Annette Rice,

        Petitioner,

v.

Warden Michael Segal,

        Respondent.

Case No. 23-cv-0751 (ECT/DJF)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Sherry Annette Rice's Petition for a Writ of Habeas Corpus (ECF No. 1).[1] Ms. Rice, a federal prisoner, argues that the BOP has miscalculated her time credits under the First Step Act of 2018 ("FSA"), and that she is entitled to immediate release. But because the BOP's interpretation of the FSA with respect to the time credit calculations at issue is clearly reasonable—if not compelled by the FSA—the Court recommends denying Ms. Rice's Petition.

Under the FSA,

> [a] prisoner … who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

---

[1] Ms. Rice's habeas petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although she challenges the duration of her confinement under 28 U.S.C. § 2241 (*see* ECF No. 1), and not under section 2254, the Rules Governing Section 2254 cases nevertheless may be applied to her petition. *See* Rule 1(b).

> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Ms. Rice has taken thirty-two separate classes since December 2018 as part of the "evidence-based recidivism reduction programming" established by the Department of Justice under the FSA. (*See* ECF No. 1-2 at 1.) She has taken many of these classes simultaneously. For example, Ms. Rice was enrolled in eleven classes at or around the time she filed the Petition now before the Court. *See id.* She argues that because she has taken so many classes, she is entitled to 4,590 days (or about 12.5 years) of time credit under the FSA. This amount of time credits, if awarded, would exceed Ms. Rice's total sentence of 104 months' imprisonment. But the Federal Bureau of Prisons interprets the FSA differently and has refused to award the bulk of these credits.

Ms. Rice arrives at her calculation of 4,590 days of time credit under the FSA by calculating credits for each class she has taken individually. Under Ms. Rice's interpretation of the FSA, she would be entitled to 10 days of time credits *per class* for each 30-day period during which she participates in each her classes. For example, she represents she was enrolled in 11 classes around the time she filed her Petition. (*See* ECF No. 1-2 at 1.) Applying her logic to the 11 classes she was taking on or around the time she filed her Petition, Ms. Rice would be entitled to 10 days of time credits per 30-day period for each class, totaling 110 days of time credit per 30-day period.[2]

---

[2] Some of Ms. Rice's proposed time credit calculations do not follow the rule that a prisoner only earns 10 or 15 days of time credits per 30 days of programming. (*See* ECF No. 1-2 at 1, alleging her participation in Self-Empowerment programming from 2/14/23 to 2/24/23—a period of 10; not 30 days—entitles her to 10 days of earned time credits.) To the extent Ms. Rice argues she is entitled to more than 10 or 15 days of time credits per 30-day period of successful participation, that interpretation of section 3632(d)(4)(A) is plainly contrary to law.

The BOP interprets section 3632(d)(4)(A) differently. The applicable implementing regulation provides, "For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits." 28 C.F.R. § 523.42(c)(1). Under the BOP's interpretation, regardless of how many classes a prisoner takes at any given time, a 'day' for purpose of accumulating time credits is any day in which the prisoner participates in "programming or productive activities"—whether it be one class or a dozen of them. Based on this interpretation, Ms. Rice cannot earn 110 days of time credit in 30 days by taking 11 classes during that 30-day period; she may only earn a maximum of 10 or 15 days (depending on whether 18 U.S.C. § 3632(d)(4)(A)(ii) relating to recidivism reduction programming applies).

The Court rejects Ms. Rice's interpretation of the FSA because it would lead to absurd results: If enrolled in a sufficient number of classes, any federal prisoner serving a finite term of imprisonment would be entitled to release only a few months after arriving in the custody of the Federal Bureau of Prisons. Moreover Ms. Rice's interpretation of the FSA is inconsistent with the text of the FSA itself. Section 3632(d)(4)(A) does not require that the Federal Bureau of Prisons award credits for each *program* completed. Instead, prisoners earn credits for "shall earn … time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). Whether a prisoner participates in one program on a given day or eleven programs simultaneously, she is "participati[ng] in evidence-based recidivism reduction programming," *id*., and is equally eligible to receive time credits for that day of participation. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale v. Hawkins*, No. H-22-3224, 2023

3

WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). The Court must give effect to the unambiguous language of the statute as written. *See Chevron U.S.A., Inc. v. Nat. Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).

Furthermore, even if the statutory language *were* ambiguous, Ms. Rice would not be entitled to habeas relief unless the BOP's interpretation is an unreasonable one. *See id.* "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). Since the terms "programming" and "productive activities" may refer to multiple classes or programs, *see* 18 U.S.C. § 3642(d)(4)(A), the Court finds the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable. *See Bray*, 2023 WL 2894918, at *6.

The Court concludes Ms. Rice is not entitled to habeas corpus relief and recommends denying her Petition for these reasons. Finally, Ms. Rice has also filed a superfluous motion for a writ of habeas corpus motion (ECF No. 2), which seeks the same relief on the same grounds as those set forth in her Petition. The Court recommends denying the motion for the same reasons.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Petition for Writ of Habeas Corpus (ECF No. [ 1]) be **DENIED**;

2. Ms. Rice's motion for a Writ of Habeas Corpus (ECF No. [2]) be **DENIED**; and

    3.      This matter be **DISMISSED**.

Dated: April 24, 2023                                  *s/ Dulce J. Foster*
                                                            Dulce J. Foster
                                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).